**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Victoria Geraldine Bustos-Cazo,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.

No. CV-26-05026-PHX-JZB

**ORDER**

Pending before the Court is Petitioner Victoria Geraldine Bustos-Cazo's "Verified Petition for Writ of Habeas Corpus." (Doc. 1.) In the Petition, Petitioner asserts that the June 24, 2026, bond redetermination hearing she received was constitutionally deficient. (*Id.* at 2–3.) Because the Immigration Judge's ("IJ") decision to deny bond was legally and constitutionally deficient, the Court shall grant the Petition and order that Petitioner be provided with a constitutionally adequate bond hearing.

**I. BACKGROUND.**

Petitioner is a native and citizen of the Republic of Ecuador. (*Id.* at 4.) Petitioner entered the country on or about March 8, 2022, on a nonimmigrant visitor visa. (*Id.* at 7.)

Following her admission into the United States, Petitioner openly resided in California, had no criminal record, maintained employment, and cared for her 15-year-old non-citizen son—who is not currently in Department of Homeland Security ("DHS") detention. (*Id.* at 4); (doc. 9 at 02:40–02:48, 02:53–03:06, 03:15–03:32, 04:18–04:47.)

On April 30, 2026, Petitioner was detained by U.S. Immigration and Customs

Enforcement. (Doc. 1 at 4.) Petitioner has applied for withholding of removal, Convention Against Torture protections, and for voluntary departure (*Id.* at 2.)

On June 24, 2026, Petitioner was provided with a bond redetermination hearing. (*Id.*) During the hearing, Petitioner—through counsel—argued that she was neither a flight risk nor a danger to the community. *See generally* (doc. 9.) At the end of the hearing, the IJ denied bond, finding that Petitioner was a flight risk due to her illegal entry, working without authorization, and her sponsor's "financial support availability." *See* (doc. 1-1 at 12); *see also* (doc. 9.)

Following the bond denial, Petitioner filed the instant Petition on July 17, 2026. (Doc. 1.) In her Petition, Petitioner asserts the following three claims for relief: (1) the June 24, 2026, bond hearing violated was "not supported by the evidence, was arbitrary and capricious, and in violation of section 1226(a)"; (2) that her continued immigration detention violates the Fifth Amendment due process clause; and (3) the IJ's decision violated the Administrative Procedures Act. (*Id.* at 11–14.) The Court shall only address Petitioner's second claim for relief.

## II. 28 U.S.C. § 2241 Writ of Habeas Corpus.

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'") (quoting *Ex parte Bollman*, 8 U.S. (4 Cranch) 75, 95 (1807)); *cf. In re Kaine*, 55 U.S. (14 How.) 103 (1852) (applying the writ of habeas corpus in the immigration context). The Supreme Court has made clear that § 2241 applies to noncitizens[1] challenging

[1] Undersigned shall use the term 'noncitizen' unless a quoted statute or court decision uses the term 'alien.' This usage is congruent with the Ninth Circuit Court of Appeals' precedent, such as *Avilez v. Garland*, which specifically stated:

> This opinion uses the term noncitizen unless quoting language from the

their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Because Petitioner only challenges the bond hearing she received, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order[.]").

## III. DISCUSSION.

The crux of the instant dispute is whether Petitioner—who is detained pursuant to 8 U.S.C. § 1226(a)—was provided a constitutionally and legally adequate bond hearing. To answer this question, the Court must first address whether it has jurisdiction to hear this matter. If so, the Court will then address the merits of Petitioner's claim.

### A. Jurisdiction.

Respondents claim that pursuant to 8 U.S.C. § 1226(e) "[f]ederal courts do not have jurisdiction to review immigration judges' decisions in bond proceedings and Federal courts 'may not second-guess the immigration judge's weighing of the evidence.'" (Doc. 7 at 2) (quoting *Calmo v. Sessions*, No. C 17-07124 WHA, 2018 U.S. Dist. LEXIS 98718, at *11 (N.D. Cal. June 12, 2018)). However, Respondents fail to consider that 8 U.S.C. § 1226(e) "does not limit habeas jurisdiction over constitutional claims or questions of law," *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011), nor does it "strip federal courts of traditional habeas jurisdiction." *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024).

Generally, federal courts do not have jurisdiction to review discretionary bond decisions. *See* 8 U.S.C. § 1226(e). Pursuant to the statute:

> The Attorney General's discretionary judgment regarding the application of

---

> immigration statutes or past opinions containing the term alien. There are two reasons behind this choice. First, use of the term noncitizen has become a common practice of the Supreme Court[.] Second, even if that were not the case, careful writers avoid language that reasonable readers might find offensive or distracting—unless the biased language is central to the meaning of the writing. The word alien can suggest "strange," "different," "repugnant," "hostile," and "opposed," . . . while the word noncitizen, which is synonymous, . . . avoids such connotations. Thus, noncitizen seems the better choice.

*Avilez v. Garland*, 69 F.4th 525, 527 n.1 (9th Cir. 2023) (cleaned up).

> this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).

Although it is true that questions of fact "raised in an application for discretionary relief remain unreviewable," federal courts may nonetheless review habeas challenges to an IJ's application of a legal standard—including the determination of flight risk—to determine "whether an IJ correctly applied the [legal] standard to a given set of facts." *Martinez*, 124 F.4th at 782–83 (quoting *Wilkinson v. Garland*, 601 U.S. 209, 221–22 (2024)). Hence, § 1226(e) "precludes federal courts from reviewing 'underlying factual determinations,'" including "'credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides,'" but does not bar courts from reviewing pure legal questions or mixed questions of law and fact, "even when they are primarily factual[.]" *Id.* at 782–83 (quoting *Wilkinson*, 601 U.S. at 225).

The IJ's determinations of these questions are reviewed for abuse of discretion. *Id.* at 784. The Court "cannot reweigh evidence," but it can determine whether the IJ "applied the correct legal standard." *Id.* at 785 (citation omitted).

For the foregoing reasons, Petitioner's allegation that the IJ abused his discretion[2] when he determined that Petitioner was an flight risk despite strong facts to the contrary is a mixed question of law and fact that the Court has jurisdiction to review.

**B. The IJ Abused His Discretion by Denying Bond.**

The Court's review of an IJ's bond determination is limited.[3, 4] When determining

---

[2] The Court notes that Petitioner's Petition does not expressly state 'abuse of discretion,' and instead opts to use the phrase "arbitrary, capricious and not in accordance with law." (Doc. 1 at 15.) However, given that an IJ abuses their discretion where their decision was "arbitrary, irrational, or contrary to law," *see Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (citation omitted), the Court finds that Petitioner has in fact challenged the IJ's decision as an abuse of discretion.

[3] *See supra* section III.A.

[4] Federal courts of appeals are split on whether a petitioner or the government bears the burden of proof at a bond hearing. The First and Second Circuits have held that the government bears the burden of proof. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)"); *see also Lopez v. Decker*, 978 F.3d 842, 856–57 (2d Cir. 2020) ("We therefore conclude that the district court's order requiring the Government to prove that Velasco

whether a noncitizen is a danger to the community or risk of flight, an IJ normally weighs nine factors, pursuant to BIA precedent. *Minango v. Bondi*, No. 2:26-cv-00235-ART-BNW, 2026 U.S. Dist. LEXIS 101189, at *8 (D. Nev. May 6, 2026) (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The nine factors an IJ "'may' consider 'include any or all of the following'":

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (quoting *Guerra*, 24 I. & N. Dec. at 40).

"An IJ's application of the above standard 'is malleable and involves agency discretion,' but a federal court can still 'assess whether an IJ correctly applied the legal standard to a given set of facts.'" *Garcia-Merino v. Hernandez*, No. 26-cv-1911, 2026 U.S. Dist. LEXIS 164999, at *10–11 (W.D. Wash. July 24, 2026) (quoting *Martinez*, 124 F.4th at 783); *Segura Serrano v. Scott*, No. 2:26-CV-01268-LK, 2026 U.S. Dist. LEXIS 115824, at *13–14 (W.D. Wash. May 26, 2026) (finding there was jurisdiction to review the IJ's

---

Lopez is a danger to the community or a flight risk by clear and convincing evidence to justify his continued detention strikes a fair balance between the rights of the individual and the legitimate concerns of the state.") (citation omitted). The Third and Fourth Circuits disagree, instead placing the burden upon the Petitioner. *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (finding that placing the burden on a petitioner detained pursuant to § 1226(a) did not violate the Equal Protection Clause); *see also Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (placing burden on petitioner). And, in our own Circuit, "it is an 'open question . . .' as to whether the Constitution requires 'hearings at which the Government bears the burden of proving by clear and convincing evidence that a noncitizen is a danger to the community or a flight risk.'" *Wen Chen v. Hernandez*, No. 2:26-cv-02053-TLF, 2026 U.S. Dist. LEXIS 168805, at *10 (W.D. Wash. July 29, 2026) (quoting *Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03017-TLN-JDP, 2026 U.S. Dist. LEXIS 93339, at *12 n.7 (E.D. Cal. Apr. 27, 2026)).

However, because the IJ abused his discretion by relying on insufficient evidence to conclude Petitioner was a flight risk, the Court will assume without deciding that the burden of proof was on Petitioner to prove by a preponderance of the evidence that she was not a flight risk.

determination of flight risk where Petitioner alleged the IJ did not apply the *Guerra* factors correctly); *Zaitsev v. Warden*, No. 2:26-CV-00454-SPG-AS, 2026 U.S. Dist. LEXIS 30181, at *30–31 (C.D. Cal. Feb. 9, 2026) (finding that "[i]n light of *Martinez*, courts may review an IJ's finding that [a noncitizen] poses a flight risk for abuse of discretion");

In the IJ's written decision, he states that Petitioner was denied release bond because she:

> has exhibited disregard for Immigration Laws by her illegal entry and working without authorization. Respondent has insufficient ties to the United States and to the community. Her sponsor is a fellow employee with insufficient financial support availability.

(Doc. 1-1 at 12.)

The IJ did not provide any further explanation in his written decision. However, there was a contemporaneous recording of the bond hearing provided, wherein the IJ stated:

> Okay, um. Listing to both sides, considering all of the evidence, uh, the Court is going to determine to deny bond based on flight risk. Um, again, [we] have instances where, one, we have illegal entry, there's indication of working without authorization, there's disregard for the immigration laws. Um, there are, I believe there are not significant ties to the community. We do have a few letters, um, but again, it's from [a] fellow coworker. So, I would go ahead, and I am going to issue an order denying bond in this matter.

(Doc. 9 at 12:48–13:38.)

As an initial point, the Court notes that the IJ—in his written and oral decisions—had not cited every piece of evidence in the record. Nor does he need to. *Cf. Larita-Martinez v. Immigr. & Naturalization Serv.*, 220 F.3d 1092, 1096 (9th Cir. 2000); *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011) ("In particular, where potentially dispositive testimony and documentary evidence is submitted, the BIA must give reasoned consideration to that evidence."). "But when there is an indication that something is amiss, like if the [IJ] 'misstates the record' or 'fails to mention highly probative or potentially dispositive evidence,'" then a court should take notice. *C.A.R.V. v. Wofford*, No. 1:25-cv-01395-JLT-SKO, 2026 U.S. Dist. LEXIS 17595, at *20–21 (E.D. Cal. Jan. 29, 2026).

That is the situation here. The IJ's written and oral decisions, in which he did not

provide any explanation of his findings beyond providing cursory conclusions, leaves the to speculate how the IJ viewed the evidence in light of the *Guerra* factors. Moreover, the only evidence the IJ relied upon to establish flight risk are, at best, of minimal relevance with attenuated connection to a noncitizen's flight risk.

Here, the IJ based his decision to deny bond based upon Petitioner's immigration history, employment history, and the "insufficient financial support availability" of her sponsor. (Doc. 1-1 at 12.) Neither his written nor oral decisions explain why any of these factors establish that Petitioner would be a poor bond recipient due to a risk of flight, let alone why these factors outweigh the substantial evidence Petitioner provided in support of release on bond. Though it is true that an IJ under *Guerra* may consider a noncitizen's community ties, "the [noncitizen's] employment history," "the [noncitizen's] history of immigration violations," and "the [noncitizen's] manner of entry to the United States," they must do more than assert these as talismanic phrases. That is, simply stating immigration history, employment history, and insufficient finances of a sponsor "without explaining why those factors established flight risk or how they outweighed the significant evidence showing Petitioner is fixed and stable with [her] family in [her] community" is an abuse of discretion. *See Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026).

For example, in *Soriano*, the court addressed a similar situation to the one present here. Specifically, in *Soriano*, the IJ in question "relied on [the p]etitioner's immigration history [and] employment history . . . to support a finding of flight risk without explaining why those factors established flight risk or how they outweighed the significant evidence showing [the p]etitioner is fixed and stable with his family in his community." *Id.* at 1080. This, the court found, was an abuse of discretion. *Id.* Specifically, the court found that the IJ's reliance Petitioner's immigration history "lack[ed] any objective rationale" that he would be a flight risk. *Id.* Additionally, the IJ's reliance upon the petitioner's unlawful employment would, in effect, make "any noncitizen applying for Cancellation of Removal who is unauthorized to work and who truthfully provides information about their employment history . . . automatically . . . at risk of being found a flight risk." *Id.* at 1080–

81. Furthermore, the court that reliance upon having work history—even unauthorized work—would be illogical given that "a noncitizen without any employment history is a factor that militates against release on bond because it would indicate the noncitizen is less likely to appear for removal proceedings." *Id.* at 1081 (citing *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020)). Based on the foregoing findings, the *Soriano* court found that the IJ abused his discretion, entitling petitioner to relief. *Id.* at 1081–82.

Just as was the case in *Soriano*, the IJ—without providing an iota of explanation—determined that Petitioner was a flight risk based off of her unauthorized work history and immigration history. The IJ's failure to provide any objective rationale in his decision places the Court in the position of having to speculate concerning how the IJ viewed the evidence in light of the applicable *Guerra* factors. Thus, as stated by other district courts within the Ninth Circuit, "[t]he Court must conclude that the [IJ] failed" to view the evidence in light of the Guerra factors, "which constitutes an abuse of discretion." *Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1103 (W.D. Wash. 2026); *Morales v. Mullin*, No. 5:26-CV-04576-CTS, 2026 U.S. Dist. LEXIS 206139, at *19 (C.D. Cal. Sep. 11, 2026) (noting that the IJ's decision to deny bond was an abuse of discretion where the IJ "failed to state its reasons and show proper consideration of all factors when weighing equities and denying relief") (cleaned up); *Moreno v. Hernandez*, No. C26-1714-MLP, 2026 U.S. Dist. LEXIS 156863, at *25-26 (W.D. Wash. June 18, 2026) ("the IJ provided no rationale or explanation that shows she meaningfully engaged with the relevant evidence or how it ultimately supported her conclusion that Petitioner poses a flight risk. Because the Court is left to speculate concerning how the IJ viewed the evidence in light of the applicable factors, it must conclude that the IJ failed to do so, which constitutes an abuse of discretion.) (cleaned up); *cf. Soriano v. Hernandez*, 830 F. Supp. 3d at 1080–81.

Furthermore, the Court notes that the IJ's cursory reliance upon Petitioner's unlawful entry and unauthorized employment was an abuse of discretion. Specifically, as noted by a sister court within this Circuit, "[i]f an [IJ] could consider a noncitizen's unauthorized employment—which typically accompanies a noncitizen's unlawful status—

discretionary detention under § 1226(a) would become a de facto mandatory § 1225 detention." *Pedro v. Mullin*, No. 5:26-cv-04303-MBK, 2026 U.S. Dist. LEXIS 206053, at *20 (C.D. Cal. Sep. 11, 2026) (cleaned up) (quoting *Lemus Crispin v. Bondi*, 832 F. Supp. 3d 534, 545 (E.D. Va. 2026)). Consequently, blanket reliance upon these conditions without any meaningful explanation would be an abuse of discretion given that "[a] bond hearing fails to comport with due process where an Immigration Judge relies on considerations that would lead to an automatic denial of bond in all cases." *See Pedro*, 2026 U.S. Dist. LEXIS 206053, at *20 (citation omitted).

## IV. CONCLUSION.

Based upon the foregoing, the Court finds that the IJ's decision to deny bond under the circumstances present here was an abuse of discretion. Consequently, the Court must consider what relief Petitioner is entitled to. "Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). In situations where a petitioner's bond hearing was legally and constitutionally inadequate, some courts within the Ninth Circuit have ordered the petitioner's immediate release. *See Hernandez v. Hernandez*, No. 2:26-cv-01574-GJL, 2026 U.S. Dist. LEXIS 132964, at *24–25 (W.D. Wash. June 15, 2026); *see also Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 U.S. Dist. LEXIS 85165, at *18 (S.D. Cal. Apr. 16, 2026); *Lopez*, 830 F. Supp. 3d at 1103; *Minango*, 2026 U.S. Dist. LEXIS 101189, at *12; *Benipal v. Rokosky*, No. CV-26-01306-PHX-RM, 2026 U.S. Dist. LEXIS 106634, at *2 (D. Ariz. May 14, 2026); *Soriano*, 830 F. Supp. 3d at 1081. Conversely, some have ordered the petitioner to be provided a new bond hearing. *See Kharis v. Sessions*, No. 18-cv-04800-JST, 2018 U.S. Dist. LEXIS 190082, at *32 (N.D. Cal. Nov. 6, 2018); *see also S.E. v. Noem*, No. 1:26-cv-00356-DAD-SCR, 2026 U.S. Dist. LEXIS 65253, at *6 (E.D. Cal. Mar. 26, 2026); *cf. Fabian-Perez v. Rokosky*, No. CV-26-01990-PHX-JJT (JZB), 2026 U.S. Dist. LEXIS 152699, at *3 (D. Ariz. July 10, 2026).

Under the circumstances of the instant action, the Court finds the proper remedy is to order Respondents to provide Petitioner with a *constitutionally adequate* bond hearing.

At the bond hearing, the Government shall bear the burden of establishing by "clear and convincing evidence" that Petitioner is neither a danger nor a flight risk. *See Singh*, 638 F.3d at; *see also Nola v. Dep't of Homeland Sec.*, No. 5:26-cv-02180-MBK, __ F. Supp. 3d __, 2026 U.S. Dist. LEXIS 106210, at *21–23 (C.D. Cal. May 13, 2026) (collecting cases placing burden on the Government). Additionally, though the applicable regulations permit "[a] decision of the [IJ to] be rendered orally or in writing," 8 C.F.R. § 1003.37(a), the IJ nevertheless must provide a cogent and thorough decision in either written or oral form. To that end, should the IJ elect to render an oral decision, there must be a contemporaneous recording that is intelligible and clear.[5] In addition to the recording—or alternatively—a contemporaneous transcript of the hearing may be produced. Moreover, "[i]n the event Petitioner is 'determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond,' the [IJ] should consider Petitioner's financial circumstances and alternative conditions of release." *See Liang Ding v. Noem*, No. 1:26-cv-01217-DJC-SCR, 2026 U.S. Dist. LEXIS 58212, at *7 (E.D. Cal. Mar. 19, 2026) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017)).

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a **CONSTITUTIONALLY ADEQUATE** individualized bond hearing within **SEVEN (7) CALENDAR DAYS** or release Petitioner from custody under the same conditions that existed before Petitioner's detention within **SEVEN (7) CALENDAR DAYS**.

**IT IS FURTHER ORDERED** that Petitioner's request for immediate release is **DENIED** for the reasons stated herein.

**IT IS FURTHER ORDERED** that Respondents shall provide a notice of compliance within **THREE (3) DAYS** of releasing Petitioner or providing a bond hearing.

[5] This was not the case here. Although the Court could discern most of what was discussed at the bond hearing, it was difficult to do so given that the only recording was that of the translator, where the IJ and counsel for Petitioner and the Government could only be heard faintly in the background.

**IT IS FURTHER ORDERED** that any pending motions are denied as moot and any scheduled hearings in this action are vacated. The Clerk of Court is kindly directed to enter judgment in Petitioner's favor and close this case.

Dated this 14th day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge